PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**
## 11-tp-20069 Ungaro/Torres

FILED by ___ D.C.
ELECTRONIC

**May 3, 2011**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Barry Goldman | New Jersey | |
| | NAME OF SENTENCING JUDGE | |
| | Dennis M. Cavanaugh | |
| | DATES OF PROBATION/ SUPERVISED RELEASE: | FROM 2/28/2011 | TO 02/27/2014 |

**OFFENSE**

18:1461 Mailing Obscene Matter

2011 APR 28 P 12: [U.S. DISTRICT COURT]

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **DISTRICT OF NEW JERSEY**

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the SOUTHERN DISTRICT OF FLORIDA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

3/24/11
_Date_

_United States District Judge_

Dennis M. Cavanaugh
U.S. District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **SOUTHERN DISTRICT OF FLORIDA**

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

13 April 2011
_Effective Date_

_United States District Judge_

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _____ 4/29/11
Deputy Clerk

(Katrina Lee Jones
20 Washington Pl, Room 619
Newark, NJ 07102)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Criminal No. 09- 555 (JAG) |
| | : | |
| BARRY E. GOLDMAN, | : | 18 U.S.C. §§ 1461; 1467 |
| *dba* TORTURE PORTAL, | : | |
| MASTERS OF PAIN, and | : | |
| BACCHUS STUDIOS | : | |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
(18 U.S.C. § 1461)

1. On or about July 29, 2006, at or near Hudson County, in the District of New Jersey,

and elsewhere, the defendant,

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
and BACCHUS STUDIOS

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Torture of a Porn Store Girl*, in

violation of Title 18, United States Code, Section 1461.

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy of
the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _____ 4/29/11
        Deputy Clerk

## COUNT TWO
(18 U.S.C. § 1461)

2. On or about July 29, 2006, at or near Hudson County, in the District of New Jersey,

and elsewhere, the defendant,

> BARRY E. GOLDMAN,
> dba TORTURE PORTAL,
> MASTERS OF PAIN,
> and BACCHUS STUDIOS,

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Defiant Crista Submits*, in

violation of Title 18, United States Code, Section 1461.

## COUNT THREE
(18 U.S.C. § 1461)

3. On or about September 17, 2007, at or near Hudson County, in the District of New

Jersey, and elsewhere, the defendant,

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
and BACCHUS STUDIOS,

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Torture of a Porn Store Girl*, in

violation of Title 18, United States Code, Section 1461.

## COUNT FOUR
(18 U.S.C. § 1461)

4. On or about September 17, 2007, at or near Hudson County, in the District of New

Jersey, and elsewhere, the defendant,

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
and BACCHUS STUDIOS,

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Defiant Crista Submits*, in

violation of Title 18, United States Code, Section 1461.

## COUNT FIVE
(18 U.S.C. § 1461)

5. On or about September 17, 2007, at or near Hudson County, in the District of New

Jersey, and elsewhere, the defendant,

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
and BACCHUS STUDIOS,

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Pregnant & Willing*, in

violation of Title 18, United States Code, Section 1461.

## COUNT SIX
(18 U.S.C. § 1461)

6. On or about April 3, 2008, at or near Hudson County, in the District of New Jersey,

and elsewhere, the defendant,

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
and BACCHUS STUDIOS,

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Torture of a Porn Store Girl*, in

violation of Title 18, United States Code, Section 1461.

## COUNT SEVEN
(18 U.S.C. § 1461)

7. On or about April 3, 2008, at or near Hudson County, in the District of New Jersey,

and elsewhere, the defendant,

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
BACCHUS STUDIOS,

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Pregnant and Willing*, in

violation of Title 18, United States Code, Section 1461.

## COUNT EIGHT
(18 U.S.C. § 1461)

8. On or about April 3, 2008, at or near Hudson County, in the District of New Jersey,

and elsewhere, the defendant,

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
and BACCHUS STUDIOS,

did knowingly use the United States mails for the mailing, carriage in the mails and delivery of

non-mailable obscene matter, to-wit: a DVD-movie identified as *Defiant Crista Submits*, in

violation of Title 18, United States Code, Section 1461.

## FORFEITURE ALLEGATION

9. The allegations of Counts One through Eight of this Indictment are re-alleged and incorporated by reference as if fully restated here for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1467.

10. As a result of the violations of Title 18, United States Code, Section 1461, defendant

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN,
and BACCHUS STUDIOS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1467, all obscene material produced, transported, mailed, shipped and received, and all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s), and all property, real or personal, used or intended to be used to commit or to promote the commission of such offenses.

11. The property to be forfeited includes, but is not limited to, the following:

a. All copies of *"Torture of a Porn Store Girl," "Pregnant and Willing,"* and *"Defiant Crista Submits",*

b. Gross profits from the sale of obscene material, to wit: *"Torture of a Porn Store Girl," "Pregnant and Willing,"* and *"Defiant Crista Submits",*

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses listed in Counts One through Eight of the Indictment, including, but not limited to, ownership and rights to the following domain names, websites and e-mail account: www.tortureportal.com, www.mastersofpain.com, and SirBNY@aol.com.

12. To the extent that the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1467, as a result of any act or omission of the defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred to, sold to, or deposited with a third person;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property that cannot be subdivided without difficulty, the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 1467(b) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 United States Code, Section 1467 and 28 United States Code,

Section 2461(c).

A TRUE BILL

BRENT D. WARD
Director, Obscenity Prosecution Task Force
U.S. Department of Justice

BONNIE HANNAN
Trial Attorney, Obscenity Prosecution Task Force
U.S. Department of Justice

CASE NUMBER: 09-555 (JAP)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

BARRY E. GOLDMAN,
dba TORTURE PORTAL,
MASTERS OF PAIN, and
BACCHUS STUDIOS

## INDICTMENT FOR

18 U.S.C. § 1461
18 U.S.C. §1467

A True Bill,

_____
Foreperson

**BRENT WARD**
_Director, Obscenity Prosecution Task Force_
_U.S. Department of Justice_

BONNIE HANNAN
_TRIAL ATTORNEY_
202-353-8855
_U.S. Department of Justice_

USA-48AD 8

(ed. 1/97)

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

    v.

                                Case Number  2:9cr555-01

BARRY GOLDMAN

    Defendant.

### JUDGMENT IN A CRIMINAL CASE
#### (For Offenses Committed On or After November 1, 1987)

The defendant, BARRY GOLDMAN, was represented by Lisa Mack, AFPD.

The defendant pled guilty to count(s) 1 of the Indictment on 28 February 2011. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1461 | Mailing Obscene Matter | 7/29/2006 | 1 |

As pronounced on 28 February 2011, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __28__ day of February, 2011.

 

                                        DENNIS M. CAVANAUGH
                                        United States District Judge

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _Marion Drayton_ 4/29/11
        Deputy Clerk

AO 245B (Mod. D/NJ 12/06) Sheet 4 - Probation

Defendant:   BARRY GOLDMAN                                           Judgment – Page 2 of 4
Case Number:   2:9cr555-01

PROBATION

The defendant is hereby placed on probation for a term of 3 years.

While on probation, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of probation and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs or restitution obligation, it shall be a condition of probation that the defendant pay any such fine, assessment, costs and restitution and shall comply with the following special conditions:

While on probation, the defendant shall not commit another federal, state, or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court. The defendant must submit to one drug test within 15 days of commencement of probation and at least two tests thereafter as determined by the probation officer.

In addition, the defendant shall comply with the following special conditions:

LOCATION MONITORING PROGRAM   (6 months) (Payment NOT waived)

You are to participate in the Location Monitoring Program. You shall be confined to your residence for a period of 6 months commencing at the direction of the U.S. Probation Office. You shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. You shall wear a Location Monitoring device and follow all location monitoring procedures. You shall permit the Probation Officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. You shall comply with any other specific conditions of home confinement as the Court may require. You shall pay all the costs associated with the Location Monitoring Device. The U.S. Probation Office may use less restrictive location monitoring technology if the U.S. Probation Office determines that a less restrictive device is available and appropriate.

SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you shall provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

Case 2:09-cr-00555-DMC   Document 26   Filed 02/28/11   Page 3 of 4 PageID: 244

AO 245B (Mod. D/NJ 12/06) Sheet 4a - Probation

Defendant:   BARRY GOLDMAN                                          Judgment – Page 3 of 4
Case Number:   2:9cr555-01

## STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1)  The defendant shall not commit another federal, state, or local crime during the term of supervision.

2)  The defendant shall not illegally possess a controlled substance.

3)  If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4)  The defendant shall not leave the judicial district without the permission of the court or probation officer.

5)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7)  The defendant shall support his or her dependents and meet other family responsibilities.

8)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17)  You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

3)  Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual

Case 2:09-cr-00555-DMC   Document 26   Filed 02/28/11   Page 4 of 4 PageID: 245

AO 245B (Mod. D/NJ 12/06) Sheet 4a - Probation

Defendant:    BARRY GOLDMAN                                            Judgment – Page 4 of 4
Case Number:  2:9cr555-01

and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

_For Official Use Only - - - U.S. Probation Office_

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                        Defendant                                   Date


                  _____
                  U.S. Probation Officer/Designated Witness        Date

---

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy of
the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _Marin Dufter_ 4/29/11
Deputy Clerk

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 09-555(JAG) |
| V. | : |  |
| BARRY E. GOLDMAN, | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| *dba* TORTURE PORTAL, | | |
| MASTERS OF PAIN, and | : | |
| BACCHUS STUDIOS | | Judge Cavanaugh |
| | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.      As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. I understand in order for me to be found guilty of the charge set forth in the indictment, the government must prove each of the following *elements* of 18 U.S.C. § 1461 Mailing Obscene Matter:

A. I did knowingly use or cause to be used the United States mail for the mailing, carriage in the mails and delivery of non-mailable obscene matter;

B. I knew at the time of the mailing that the materials were of a sexually oriented nature.

2.      I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 1461 is a term of imprisonment of up to five years, a fine of $250,000, and a term of supervised release of up to three years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction,

pursuant to 18 U.S.C. § 3013. Furthermore, restitution to any victims of my offense may be ordered pursuant to 18 U.S.C. § 3663.

I have also subjected real and personal property to forfeiture, namely, all copies within my custody and control of Torture of a Porn Store Girl, Defiant Crista Submits and Pregnant and Willing and will not contribute to the operation of the websites www.tortureportal.com and www.mastersofpain.com.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney.

4.     I know that I can be represented by an attorney at every stage of the procceding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.     I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6.     I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a) I have a right to the assistance of counsel at every stage of the proceeding.

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

-2-

(I) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.    If I plead guilty, I will not have a trial of any kind.

8.    I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9.    I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.    I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.    I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

During 2006 and 2007, in the District of New Jersey, I mailed DVD movies, which I performed in, to various locations in the United States. Specifically, on or about July 29, 2006, I mailed a copy of "Torture of a Porn Store Girl" from Hudson County, New Jersey, to a location in Northern Virginia. This movie was produced under the company name Torture Portal Productions and Masters of Pain. I used the surname "SirB" in the dialogue of this movie, as I did in all of the movies charged in the indictment. I also assisted in the operation of the websites www.tortureportal.com and www.mastersofpain.com. I received an order for "Torture of a Porn Store Girl" via email from Angela Henry and in response I mailed a DVD copy of the film on or about July 29, 2006 from Hudson County, New Jersey, to a location in Northern Virginia. "Torture of a Porn Store Girl" is a sexually explicit film featuring depictions of extreme bondage and sadomasochistic activity. I knew this when I made the film, when I offered it for sale, and when I shipped it in interstate commerce to Northern Virginia via the United States mail on or about July 29, 2006. I admit and stipulate that this movie is obscene within the meaning of 18 U.S.C. § 1461. I further specifically admit and stipulate that "Torture of a Porn Store Girl" appeals to a prurient interest in sex and is patently offensive under the community standards prevailing in the District of New Jersey at the time the film was shipped to Northern Virginia and that a reasonable person would find that the film lacks serious artistic, literary, scientific, or political value. "Torture of a Porn Store Girl" featured depictions of extreme bondage and sadomasochistic activity. I agree that the following description summarizes the content of the movie:

-3-

The feature movie is approximately 82 minutes in length and depicts sexually explicit, sadomasochistic conduct. The defendant appears in the movie as the person committing the sadomasochistic acts against a woman identified as "Bella". The defendant does such things as binding "Bella's" hands and feet with rope, rubbing a knife between her breasts, blindfolding her and wrapping plastic wrap around her head, placing surgical clamps on her labia, delivering electrical shocks to her body, applying mousetraps to her breasts, whipping her, and digitally penetrating her.

12.    The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A.    The defendant agrees:

        (1)    To plead guilty to Count I of the Indictment;

        (2)    I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including the following specific property: *all copies in my possession or control of "Torture of a Porn Store Girl", "Defiant Crista Submits", "Pregnant and Willing", and I will no longer contribute to the operation of the websites www.tortureportal.com, and www.mastersofpain.com.*

      (2)(b)  I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge I understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

      2)(c)  Further, if the Court imposes the sentence to which the parties have agreed, as set forth in paragraph 12(4), I further agree to waive all constitutional and statutory challenges in any manner, including but not limited to an appeal under 18 U.S.C. § 3742 or a habeas corpus motion under 28 U.S.C.

-4-

§2255, and including but not limited to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to the forfeiture.

(3) I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the guidelines, must consult those guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553 (a). I also agree that the Sentencing Guidelines will be calculated as follows:

| | |
|---|---|
| Base offense | 10 |
| Distribution for pecuniary gain | 5 |
| Use of a computer or interactive computer service | 2 |
| Portrayal of sadistic or masochistic conduct | 4 |
| | |
| Total | 21 |
| Minus 3 points for accepting responsibility = | 18 |

Criminal History = I, so guideline range of 27 to 33 months incarceration.

(4) I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553 (a), and the sentence to which the parties have agreed, is as follows: that I be placed on three years probation with the following special conditions in addition to any standard conditions imposed by the court: (1) That I serve a six month period of home confinement (2) that I surrender all copies within my possession or control of "Torture of a Porn Store Girl", "Defiant Crista Submits" and "Pregnant and Willing" as well no longer contribute to the operation of the websites www.tortureportal.com and www.mastersofpain.com.

(5) I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that I or the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out in this Agreement. I agree that if the Court does not accept the agreed upon sentence as set forth in this Agreement, the statute of limitations shall be tolled from the date I signed the plea

agreement until the date the Court advises the parties of its refusal to accept the plea agreement.

(6)  I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and Probation Office all information relevant to the charged offenses or the sentencing decision. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I received as a result of my crime, and release funds and property under my control in order to pay any fine, forfeiture or restitution. I agree to pay the special assessment as directed by the court.

(7)  I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release, not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government, and not to fail to comply with any other promises made in this Agreement. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, but I will not be released from my guilty plea.

(8)  I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

(9)  I agree that this agreement binds the United States Department of Justice Obscenity Task Force only, and does not bind any other federal, state or local agency.

B.  The United States agrees:

(1)  The government will move to dismiss Counts II-VIII at time of sentencing.

(1)(a)  To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense, up to and including at the time of sentencing, as set forth in §

3E1.1 of the Sentencing Guidelines; and

(1)(b)  To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction;

(2)  To not file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment or as a result of the possession, sale, distribution or content of any of the items surrendered by the defendant pursuant to paragraph five of this plea agreement.

(3)  That the reasonable and appropriate sentence in this case should be as set forth in paragraph four above, unless the defendant violates the Agreement as set forth in paragraphs five, six and seven above or fails to accept responsibility.

*     *     *     *

I make the following representations to the Court:

1. I am _60_ years of age. My education consists of _un college_. I _____ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances

of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.  I have no mental reservations concerning the plea.

9.  I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _12_ day of _Dec_____, _2010_

_____
Barry E. Goldman
Defendant


I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this _12TH_ day of _December 2010_

_____
Attorney for Defendant

-3-

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this _____19th_____ day of _____November_____, 2010

BRENT D. WARD
Director, Obscenity Prosecution Task Force
Department of Justice

By _____
Bonnie Hannan

Trial Attorney
Obscenity Prosecution Task Force
Department of Justice

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CRIMINAL DOCKET FOR CASE #: 2:09-cr-00555-DMC All Defendants
## Internal Use Only

Case title: USA v. GOLDMAN

Date Filed: 07/23/2009
Date Terminated: 02/28/2011

Assigned to: Judge Dennis M. Cavanaugh

**Defendant (1)**

**BARRY E. GOLDMAN**
*TERMINATED: 02/28/2011*
*doing business as*
TORTURE PORTAL
*TERMINATED: 02/28/2011*
*doing business as*
MASTERS OF PAIN
*TERMINATED: 02/28/2011*
*doing business as*
BACCHUS STUDIOS
*TERMINATED: 02/28/2011*

represented by **LISA MACK**
FEDERAL PUBLIC DEFENDER'S OFFICE
1002 BROAD STREET
NEWARK, NJ 07102
(973) 645-6347
Fax: (973) 645-3101
Email: lisa_mack@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

18:1461 MAILING OBSCENE OR CRIME-INCITING MATTER (dof 7/29/06)
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1461 MAILING OBSCENE OR CRIME-INCITING MATTER (dof 7/29/06)
(2)

18:1461 MAILING OBSCENE OR CRIME-INCITING MATTER (dof 9/17/07)
(3-5)

18:1461 MAILING OBSCENE OR

**Disposition**

3 yrars Probation, Fine waived, $100 Special assessment

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: *Marion Drayton* 4/29/11
Deputy Clerk

**Disposition**

Dismissed by Prosecution

Dismissed by Prosecution

CRIME-INCITING MATTER (dof
4/3/08)
(6-8)

Dismissed by Prosecution

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | | **Disposition** |
| --- | --- | --- |
| None | | |

**Plaintiff**

**USA**      represented by      **BONNIE HANNAN**
DEPARTMENT OF JUSTICE
1301 NEW YORK AVENUE NW
SUITE 500
WSHINGTON, DC 20530
202-353-8855
Email: bonnie.hannan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PAMELA STEVER SATTERFIELD**
U.S. DEPARTMENT OF JUSTICE
1301 NEW YORK AVENUE NW
SUITE 500
WASHINGTON, DC 20530
202-514-6017
Email: pamela.satterfield@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 07/23/2009 | ● 1 | INDICTMENT as to BARRY E. GOLDMAN (1) count(s) 1-2, 3-5, 6-8. (NR ) (Entered: 07/24/2009) |
| 07/23/2009 | ● | Notice of Allocation and Assignment as to BARRY E. GOLDMAN (Newark- Judge Joseph A. Greenaway, Jr.) (NR ) (Entered: 07/24/2009) |
| 07/28/2009 | ● | Notice of Allocation and Assignment setting Arraignment as to BARRY E. GOLDMAN Arraignment set for 8/18/2009 12:00 PM in Newark - Courtroom 3 before Judge Joseph A. Greenaway, Jr.. (NR) (Entered: 07/28/2009) |
| 08/11/2009 | ● 2 | Amended NOTICE as to BARRY E. GOLDMAN re 1 Indictment (jn2, ) (Entered: 08/11/2009) |
| 08/13/2009 | ● 3 | NOTICE OF ATTORNEY APPEARANCE PAMELA STEVER SATTERFIELD appearing for USA. (SATTERFIELD, PAMELA) |

| | | |
|---|---|---|
| | | (Entered: 08/13/2009) |
| 08/18/2009 | ● 4 | MOTION in Limine *to Exclude References to Prior Case Filed Against Barry Goldman in Montana* by USA as to BARRY E. GOLDMAN. (SATTERFIELD, PAMELA) (Entered: 08/18/2009) |
| 08/18/2009 | ● 5 | Minute Entry for proceedings held before Judge Joseph A. Greenaway, Jr.:Initial Appearance as to BARRY E. GOLDMAN held on 8/18/2009. Attorney Appointment Hearing as to BARRY E. GOLDMAN held on 8/18/2009. Ordered FPD Lisa Mack appointed to represent the defendant. Arraignment as to BARRY E. GOLDMAN (1) held on 8/18/2009. Plea of Not Guilty to the Indictment is entered by the defendant. Bond Hearing as to BARRY E. GOLDMAN held on 8/18/2009. Bail set at $25,000.00 PR Bond, with conditions. Appearance bond signed. (Court Reporter/Recorder Tom Brazaitis.) (ps, ) (Entered: 08/19/2009) |
| 08/18/2009 | ● 6 | ORDER for Discovery and Inspection as to BARRY E. GOLDMAN. Signed by Judge Joseph A. Greenaway, Jr. on 8/18/2009. (ps, ) (Entered: 08/19/2009) |
| 08/18/2009 | ● 7 | ORDER Setting Conditions of Release as to BARRY E. GOLDMAN (1). $25,000.00 PR Bond, with conditions. Signed by Judge Joseph A. Greenaway, Jr. on 8/18/2009. (ps, ) Modified on 8/20/2009 (ps, ). (Entered: 08/20/2009) |
| 08/18/2009 | ● | Bond Entered as to BARRY E. GOLDMAN (ps, ) (Entered: 08/20/2009) |
| 08/18/2009 | ● 9 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to BARRY E. GOLDMAN. LISA MACK for BARRY E. GOLDMAN appointed. Signed by Judge Joseph A. Greenaway, Jr. on 8/18/09. (ps, ) (Entered: 08/21/2009) |
| 08/20/2009 | ● | CLERK'S QUALITY CONTROL MESSAGE: The Motion in Limine #4 submitted by P. SATTERFIELD on 8/18/09 contains an improper signature. Only the filing user is permitted to sign electronically filed documents with an s/. PLEASE RESUBMIT THE DOCUMENT WITH A PROPER ELECTRONIC SIGNATURE. This submission will remain on the docket unless otherwise ordered by the court. (NR ) (Entered: 08/20/2009) |
| 08/20/2009 | ● 8 | MOTION in Limine by USA as to BARRY E. GOLDMAN. (Attachments: # 1 Text of Proposed Order proposed order)(HANNAN, BONNIE) (Entered: 08/20/2009) |
| 08/25/2009 | ● | Unsecured Appearance Bond Entered as to BARRY E. GOLDMAN in amount of $ 25,000. (jn, ) (Entered: 08/25/2009) |
| 08/26/2009 | ● 10 | NOTICE *of Intent to Introduce self-authenticating documents pursuant to Rule 902(11)* as to BARRY E. GOLDMAN (HANNAN, BONNIE) (Entered: 08/26/2009) |
| 09/14/2009 | ● 11 | NOTICE *OF INTENT TO INTRODUCE FOREIGN RECORDS UNDER 18 U.S.C. §3505* as to BARRY E. GOLDMAN (HANNAN, BONNIE) (Entered: 09/14/2009) |
| 09/14/2009 | ● 12 | TRIAL BRIEF by USA as to BARRY E. GOLDMAN (HANNAN, |

| | | BONNIE) (Entered: 09/14/2009) |
|---|---|---|
| 09/18/2009 | ➲ 13 | NOTICE *of Intent to Introduce Self-Authenticating Documents Pursuant to Rule 902(11)* as to BARRY E. GOLDMAN (HANNAN, BONNIE) (Entered: 09/18/2009) |
| 09/21/2009 | ➲ 14 | RESPONSE in Opposition by BARRY E. GOLDMAN re 4 MOTION in Limine *to Exclude References to Prior Case Filed Against Barry Goldman in Montana* (MACK, LISA) (Entered: 09/21/2009) |
| 09/21/2009 | ➲ 15 | First MOTION for Discovery by BARRY E. GOLDMAN. (MACK, LISA) (Entered: 09/21/2009) |
| 09/21/2009 | ➲ 16 | First MOTION to Dismiss *the Indictment* by BARRY E. GOLDMAN. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(MACK, LISA) (Entered: 09/21/2009) |
| 10/05/2009 | ➲ 17 | RESPONSE to Motion by USA as to BARRY E. GOLDMAN re 15 First MOTION for Discovery (Attachments: # 1 Text of Proposed Order) (HANNAN, BONNIE) (Entered: 10/05/2009) |
| 10/05/2009 | ➲ 18 | RESPONSE to Motion by USA as to BARRY E. GOLDMAN re 16 First MOTION to Dismiss *the Indictment* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Text of Proposed Order)(HANNAN, BONNIE) (Entered: 10/05/2009) |
| 10/05/2009 | ➲ 19 | REPLY TO RESPONSE to Motion by USA as to BARRY E. GOLDMAN re 8 MOTION in Limine (Attachments: # 1 Text of Proposed Order) (HANNAN, BONNIE) (Entered: 10/05/2009) |
| 11/19/2009 | ➲ 20 | REPLY TO RESPONSE to Motion by BARRY E. GOLDMAN re 16 First MOTION to Dismiss *the Indictment*, 15 First MOTION for Discovery (MACK, LISA) (Entered: 11/19/2009) |
| 02/24/2010 | ➲ 21 | ORDER REASSIGNING CASE. Case reassigned to Judge Judge Dennis M. Cavanaugh for all further proceedings. Judge Judge Joseph A. Greenaway, Jr. no longer assigned to case. Signed by Chief Judge Garrett E. Brown, Jr. on 2/24/10. (NR) (Entered: 02/24/2010) |
| 06/02/2010 | ➲ | Set Hearings as to BARRY E. GOLDMAN: Telephone Conference set for 6/8/2010 09:00 AM in Newark - Courtroom 4 before Judge Dennis M. Cavanaugh. Counsel to discuss issue raised in counsels e-mails to the court regarding resolution. (spc, ) (Entered: 06/02/2010) |
| 07/13/2010 | ➲ | Set Hearings as to BARRY E. GOLDMAN: Plea and Sentence set for 11/29/2010 09:00 AM in Newark - Courtroom 4 before Judge Dennis M. Cavanaugh. (spc, ) (Entered: 07/13/2010) |
| 07/19/2010 | ➲ 22 | MOTION to Continue *plea and sentencing date* by USA as to BARRY E. GOLDMAN. (HANNAN, BONNIE) (Entered: 07/19/2010) |
| 08/10/2010 | ➲ | (Court only) Reset Hearings as to BARRY E. GOLDMAN:( Plea and Sentence set for 12/6/2010 11:00 AM in Newark - Courtroom 4 before |

| | | |
|---|---|---|
| | | Judge Dennis M. Cavanaugh.), ***Motions terminated as to BARRY E. GOLDMAN: MOTION to Continue *plea and sentencing date* filed by USA. (spc, ) (Entered: 08/10/2010) |
| 02/28/2011 | ❍ 23 | Minute Entry for proceedings held before Judge Dennis M. Cavanaugh:Plea Agreement Hearing as to BARRY E. GOLDMAN held on 2/28/2011, Plea entered by BARRY E. GOLDMAN (1) Guilty Count 1. Sentencing held on 2/28/2011 for BARRY E. GOLDMAN (1), Count(s) 1, 3 years Probation, Fine waived, $100 Special assessment; Count(s) 2, 3-5, 6-8, Dismissed by Prosecution., BARRY E. GOLDMAN terminated. (Court Reporter/Recorder Charles McGuire.) (spc, ) (Entered: 03/01/2011) |
| 02/28/2011 | ❍ 24 | APPLICATION for permission to enter Plea of guilty as to BARRY E. GOLDMAN. (spc, ) (Entered: 03/01/2011) |
| 02/28/2011 | ❍ 25 | PLEA AGREEMENT as to BARRY E. GOLDMAN (spc, ) (Entered: 03/01/2011) |
| 02/28/2011 | ❍ 26 | JUDGMENT as to BARRY E. GOLDMAN (1), Count(s) 1, 3 yrars Probation, Fine waived, $100 Special assessment; Count(s) 2, 3-5, 6-8, Dismissed by Prosecution. Signed by Judge Dennis M. Cavanaugh on 28 February 2011. (spc, ) (Entered: 03/01/2011) |
| 02/28/2011 | ❍ | (Court only) ***Procedural Interval start as to BARRY E. GOLDMAN (spc, ) (Entered: 03/01/2011) |
| 04/28/2011 | ❍ 27 | Probation Jurisdiction Transferred to UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA as to BARRY E. GOLDMAN. (mrd, ) (Entered: 04/29/2011) |
| 04/28/2011 | ❍ 28 | Clerk's Transmittal Letter to the Southern District of Florida re 27 Transfer Out/Probationer (mrd, ) (Entered: 04/29/2011) |